UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U'Nika J Queeney Yahral, also known as, Queeney of Queenz144, also known as, DaughterofDaughterz144,<br><br>            Plaintiffs,<br>vs.<br><br>Frankie Cooper, et al.,<br><br>            Defendants. | 2:24-cv-02042-MDC<br><br>**ORDER DENYING APPLICATIONS TO PROCEED IN FORMA PAUPERIS (EFC NOS. 1 AND 5)** |

Pro se plaintiff U'Nika J Queeney Yahral filed multiple *Applications To Proceed In Forma Pauperis* ("IFP") on different forms (ECF Nos. 1 and 5). The Court DENIES her IFP applications without prejudice because there are inconsistencies between the two IFP applications that she filed. The identity or correct name of the applicant is also unclear and inconsistent with the plaintiff named/identified in the complaint. The IFP applications identify "U'Nika J Queeney Yahral" as the plaintiff and applicant, but the Complaint identifies "Queeney of Queenz144" and "DaughterofDaughterz144" as the two plaintiffs. See caption at ECF No. 1-1. While the Court does not screen plaintiff's complaint at this time, the Court notes that the proposed complaint is also not signed by the plaintiff in her true name. See *Id.* at 7. The Court will give plaintiff another opportunity to correct or address these inconsistencies, file a complete IFP application, and refile a complaint brought in plaintiff's name with a proper signature.

**I. PLAINTIFF'S IFP APPLICATION**

   A.  **Legal Standard**

Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names." *Doe v.*

*Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated

persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016). "[w]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, 2018 U.S. Dist. LEXIS 137515, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018).

B. Analysis

Plaintiff filed two IFP applications: a long form application (ECF No.1) and an IFP application from the Nevada family court (ECF No. 5). In the long form application, she states that she receives $1,313 a month in social security. ECF No. 1. She states that she has no cash, no bank account, and no assets. *Id.* She states that she barely survives on $1,313 a month (*Id.* at 5), but she states that she has no bills whatsoever (she lists $0 in response to every question that asks about her bills, such as what she spends on food and transportation). *Id.* at 4. Plaintiff's second IFP application from the Nevada family court, on the other hand, states that she has $629 worth of bills. ECF No. 5. These inconsistencies give the Court further pause because the proposed complaint is brought in the name of apparent aliases and not in plaintiff's name. The Court cannot determine if the plaintiff qualifies for IFP status. The Court will allow plaintiff another opportunity to address these inconsistencies and show that she qualifies for

3

IFP status. The plaintiff must submit a new long form application that is in her legal name and includes her expenses. Plaintiff must answer all questions on the long form with detailed explanations about her individual incomes and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation.

The Court also orders that plaintiff must proceed with her real name per the Federal Rules. She must inform the Court of her legal name on her IFP application. Her legal name on her IFP application must match the name on her complaint. If plaintiff's legal name is U'Nika J Queeney Yahral, then she must refile a proposed complaint that lists U'Nika J Queeney Yahral as the sole plaintiff without including any aliases.

IT IS SO ORDERED THAT:

1. Plaintiffs' *Applications to Proceed In Forma Pauperis* (ECF Nos. 1 and 5) are both DENIED without prejudice with leave to refile.

2. By **January 8, 2025**, plaintiff must EITHER (1) file a new long form application to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

3. Plaintiff is also DIRECTED to refile her proposed complaint with her legal name and to sign her proposed complaint with her legal name.

4. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

**<u>NOTICE</u>**

Before appearances and consent of defendants, there is not full consent for a magistrate judge to enter dispositive orders. See *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate

judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

It is so ordered.

DATED: December 10, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge