UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U'nika J Queeny Yahral,<br><br>            Plaintiff,<br>vs.<br><br>Meriyah Fincher, Shenita Johnson, Frankie Cooper, Ramon Taylor, Child Traffic Agency CPS, Family Court Section 12, & Las Vegas Metro Police Department,<br><br>            Defendants. | Case No. 2:24-cv-02042-CDS-MDC<br><br>**ORDER SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1-1)** |

The Court previously denied pro se plaintiff U'nika J Queeney Yahral's *in forma pauperis* application ("IFP") and ordered her to file the long form. *ECF No. 8*. Plaintiff has since filed two IFP applications on two different forms: the prisoner form (*ECF No. 11*) and the long form (*ECF No. 13*). The Court finds that the more recent long form filing supersedes her previous filing and denies her IFP application on the prisoner form. Additionally, plaintiff has not yet clarified per the Court's previous Order whether her proposed complaint is in her legal name and whether she signed it with her legal name. *ECF No. 8*. Thus, plaintiff's IFP application remains different from the caption of her complaint. Additionally, plaintiff refused to provide the registration for her vehicle, stating that she is a "private traveler UCC code," which is terminology associated with the sovereign citizen movement. Plaintiff is required to register her vehicle (*see* NRS 482.205) and must provide the Court a registration number. Thus, the Court DENIES without prejudice plaintiff's renewed IFP at *ECF No. 13*. The Court also exercises its discretion to screen her complaint and dismisses her complaint without prejudice. The Court will give plaintiff one more opportunity to submit a proper complaint and transparent IFP together

with an amended complaint that addresses the deficiencies discussed below, including incorporating her legal name and proper signature.

## I. WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Court ordered the plaintiff to file a new IFP application on the Court's long form. *ECF No. 8*. Plaintiff states that she is unemployed and receives $1,544 a month in disability benefits (*ECF No. 13 at 2*), which is a slight increase since her original filings. *See ECF No. 1 at 2*; *ECF No 5 at 2*. She states this as her only source of average income in the past 12 months. *ECF No. 13 at 2*. She also indicates that she received $102 a month during her temporary employment starting in November. *Id. at 3*. Plaintiff does not make it clear if she was employed only during the month of November, if she was employed longer, or if this employment factors into her income. Plaintiff lists her estimated monthly average expenses, as the Court noted was absent in her previous applications. *ECF No. 8 at 3*. She states that these expenses total to about $1,480 a month. *ECF No. 13 at 4-5*. However, plaintiff has refused to provide her registration number and instead provides that she is a "private traveler UCC code." *Id.* at 3. This is terminology commonly associated with the "sovereign citizen" movement in a misguided and frivolous effort "to exempt themselves from governmental rules, regulations, and licensing or permitting requirements…." *Andreaccio v. Weaver*, 674 F. Supp. 3d 1011, 1021 (D. Nev. 2023) (Explaining the ideology and how followers "differentiate between a driver and a traveler."); *see McCarley v. Stout Ins. Co., LLC.*, No. 2:24-cv-01697-CDS-MDC 2024 U.S. Dist. LEXIS

2

205668, at *2-3 (D. Nev. Nov. 12, 2024) ("including 'UCC 1-308' is a frequent and common tactic by those who adhere to the sovereign citizen movement."). It is unclear whether plaintiff herself associates with the movement. Regardless, plaintiff's use of such terminology and refusal to provide a suitable registration number gives the Court pause for a lack of transparency. Plaintiff may not proceed with her IFP application until she provides a transparent IFP application with a current vehicle registration number.[1]

## II.   WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A.   Legal Standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Rule 10(a) of the Federal Rules of Civil Procedure requires that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names*." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.

---

[1] If plaintiff cannot afford to register her vehicle or has another legitimate reason why her vehicle is not registered, she must state so in her amended application.

Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.   Complaint**

Plaintiff brings her claims against several defendants. The listed defendants include four individuals allegedly employed at the Clark County Department of Family Services: Frankie Cooper, Meriyah Fincher, Shenita Johnson, and Ramon Taylor. *ECF No. 1-1 at 2-3*. In addition, plaintiff lists the Las Vegas Metro Police Department (L.V.M.P.D.), "Family Court Section 12," and "CPS" in her claims. *ECF No. 1-1 at 1, 5*. Plaintiff brings a series of claims, including "crimes against humanity," violations of a series of federal statutes, violations of her First, Fourth, Fourteenth Amendment rights,

violations of her right to appointed help and right to travel, abuse of authority, fraud, breach of contract, and defamation.[2] *ECF No. 1-1 at 5, 6, 8*. Plaintiff demands monetary damages in the amount of $475,000,000.00 and the return of her children to her custody. *Id. at 7*. The Court reviews plaintiff's complaint and discuss each claim in turn.[3]

### a. Issues With Named Parties

Plaintiff's complaint contains issues as to the named parties. Plaintiff's IFP application provides her name as "U'nika Yahral" (*ECF No. 13*), while her complaint caption identifies "Queeny of Queenz144" and "Daughter of Daughterz144" as plaintiffs (*ECF No 1-1*) despite the Court's previous

---

[2] Plaintiff additionally alleges slander in her claims. *ECF No. 1-1 at 8*. However, under Nevada law, slander is a subset of defamation. *See Flowers v. Carville*, 292 F. Supp. 2d 1225, 1232 n. 1 (D. Nev. 2003) (citing Restatement (Second) of Torts § 568) ("Defamation is divided into slander, spoken defamation, and libel, written defamation.")

[3] Allegations and statements in plaintiff's complaint, including "my name is on that Diddy list and the Illum[inati] is tied to all of these unseen crimes" bring concerns that the complaint is factually frivolous. *ECF No. 1-1 at 7*. "A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario." *Hoover v. Fedural Files Ct.*, No. 2:21-cv-02194-JAD-VCF, 2022 U.S. Dist. LEXIS 18720, at *3 (D. Nev. Jan. 31, 2002) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-30, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Plaintiff's overall complaint appears to fall within this category. Additionally, plaintiff's use of sovereign citizen terminology raises further concern. *See Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 U.S. Dist. LEXIS 77403, at *3 ("Courts across the country 'have uniformly rejected arguments' based on the sovereign citizen ideology as frivolous, irrational, or unintelligible.") (internal citations omitted). However, underlying plaintiff's complaint appears to be potential claims arising from child custody proceedings. *See ECF No. 1-1 at 3-4*. Accordingly, rather than dismiss the entire complaint as frivolous, the Court reviews each of plaintiff's claims.

order directing her to match the names on her IFP application and complaint. *ECF No. 8*. Plaintiff otherwise has yet to fully comply with the Court's Order directing her to include her legal signature within the complaint. *Id.* If plaintiff chooses to amend, she is ordered to use and sign with her legal name provided in her IFP Application, "U'nika Yahral," as the plaintiff. *ECF No. 13 at 1*. Failure to do so will result in a recommendation that this case be dismissed with prejudice.

### b. Claims Without a Private Right of Action

Plaintiff's claims primarily comprise of criminal violations that do not retain a private right of action. These violations, including 25 CRF § 11.448, 18 U.S.C. §§ 241 and 242, 18 U.S.C. Chapter 101, 18 U.S.C. § 2381, 18 U.S.C. §§ 2340, 2382, and 2384, kidnapping, 18 U.S.C. § 912, withholding information, destruction of evidence, and 18 U.S.C. § 1091 do not provide a private right of action. *ECF No. 1-1 at 5,6*; *see Lopez v. City of LA Habra Heights*, No. 8:21-cv-1193-JGB (MAR), 2022 U.S. Dist. LEXIS 145918, *34 (C.D. Ca. June 28, 2022) (25 CRF § 11.448 does not provide a private right of action.); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241, 242 do not provide a private right of action.); *Kimber v. Del Toro*, No.: 3:21-cv-1487-BTM-BLM, 2024 U.S. Dist. LEXIS 7905, at *17 (S.D. Ca. Jan. 16, 2024) (Chapter 101 of Title 18, §§ 2071-2076, does not provide a private right of action.); *Garza v. NFL*, No. 1:17-cv-1390-LJO-BAM, 2018 U.S. Dist. LEXIS 99335, at *5 (E.D. Ca. June 12, 2018) (18 U.S.C. § 2381 does not provide a private right of action.); *Brito v. Tsa*, No. 2:25-cv-1232-DAD-JDP (PS), 2025 U.S. Dist. LEXIS 85406, at *3 (E.D. CA. May 5, 2025) (18 U.S.C. § 2340 does not provide a private right of action.); *McKoby v. Biden*, No. C22-1461JLR, 2022 U.S. Dist. LEXIS 191745, at *5 (D.W. Wash. Oct. 20, 2022) (18 U.S.C. § 2382 does not provide a private right of

action.); *Watzke v. Int'l All. of Theatrical Stage Emps.*, No. 23-cv-00890-JST, 2023 U.S. Dist. LEXIS 60040, at *2-3 (N.D. Ca. Apr. 5, 2023) (18 U.S.C. § 2384 does not provide a private right of action.); *Celece v. Dunn Sch.*, No. CV 20-10139 GW (PVCx), 2020 U.S. Dist. LEXIS 217150, at *17 (C.D. Ca. Nov. 19, 2020) (Kidnapping does not provide a private right of action under 18 U.S.C. § 1201.); *Card v. Subramanian*, No. 3:24-cv-05911-JNW, 2024 U.S. Dist. LEXIS 219570, at *3 (W.D. Wash. Dec. 4, 2024) (18 U.S.C. § 912 does not provide a private right of action.); *White v. Dietrich*, No. 1:24-cv-01395-IM, 2024 U.S. Dist. LEXIS 153849, *5 (D. Or. Aug. 26, 2024) (Concealing material facts and making fraudulent statements does not provide a private right of action under 18 U.S.C. § 1001.); *Sherman v. Kruse*, No. 2:24-cv-00408-TL, 2024 U.S. Dist. LEXIS 199181, at *8 (W.D. Wa. Nov. 1 2024) (Destruction of records does not provide a private right of action under 18 U.S.C. § 1519.); *Nietzche v. Freedom Home Mortg. Corp.*, 2019 U.S. Dist. LEXIS 175617, at*18 (D. Or. Oct. 8, 2019) (18 U.S.C. § 1091 does not provide a private right of action.).

Plaintiff otherwise cites to statutes including 49 U.S.C. § 31301, 42 C.F.R. § 488.301, 18 U.S.C. § 3571, and 18 U.S.C. § 3002. *ECF No. 1-1 at 5, 8*. These statutes either provide definitions to be used within prescribed statutory sections or concern procedural issues. These statutes do not contain, nor does plaintiff allege they contain, a private right of action. See *Posey v. Perez*, No. 2:24-cv-01675-CDS-DJA, 2025 U.S. Dist. LEXIS 43579, at *22 (D. Nev. Mar. 10, 2025) (The definition section of the provided act does not create a private right of action.); *Shultz v. Cnty. of Franklin*, No. 1:23-CV-00425, 2023 U.S. Dist. LEXIS 217077, at *31 (M.D. Pa. Dec. 6, 2023) (42 C.F.R. § 488.301 does not provide a private right of action.); *Hoge v. Schmidt*, No. 2:23-cv-07389-ODW (AJRx), 2024 U.S. Dist. LEXIS 29720, at

\*5 (C.D. Cal. Feb. 21, 2024) (18 U.S.C. § 3571 does not provide a private right of action.); *Roberts v. Citibank*, N.A., No.: 2:24-cv-01375-GMN-MDC, 2024 U.S. Dist. LEXIS 208742, at \*9 (D. Nev. Nov. 18, 2024) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Generally, there is no private right of action under Title 18.")).

Likewise, "abuse of authority" is not a constitutional claim, nor does plaintiff cite any law that may give rise to a cause of action for this claim. *See Moraga v. Fonseca*, No. 3:21-cv-00055-MMD-CSD, 2022 U.S. Dist. LEXIS 252667, at \*8 (D. Nev. Mar. 29, 2022). Plaintiff's "crimes against humanity" claim similarly fails, as she does not clearly indicate any federal statute or Constitutional provision that support a right of action, and criminal violations do not regularly provide a private right of action without statutory authorization. *See Cort v. Ash*, 422 U.S. 66, 82 (1975).

The Court dismisses each of these claims. If plaintiff amends, she should not reassert these claims. The Court will issue a report and recommendation to dismiss this claim with prejudice if she includes these claims in her amendment.

### c. Claims With a Private Right of Action But Not Applicable To Plaintiff

Plaintiff cites statutes which do provide for private actions but are not applicable to plaintiff, including 41 U.S.C. § 4712, 15 U.S.C. § 1692, 18 U.S.C. § 1961, 18 U.S.C. § 1583, and 32 C.F.R. § 536.77. *ECF No. 1-1 at 5, 8*. Under 41 U.S.C. § 4712, an individual, after exhausting all available administrative remedies, may bring a de novo action against an employer who retaliates against them for disclosing statutorily defined information. 41 U.S.C. §§ 4712(a), (c)(2). However, plaintiff has not alleged that she has ever been employed by any of the defendants listed in her complaint, nor are any of

the listed defendants contractors as specified by the statute. *See* 41 U.S.C. § 4712(a)(1).

Under 15 U.S.C. §§ 1692, the Fair Debt Collection Practices Act (FDCPA), a plaintiff subject to consumer debt collection may bring a claim against a debt collector defendant who has engaged in a prohibited act or omission. *Wong v. Navient Solutions, LLC*, 2020 U.S. Dist. LEXIS 34830, 2020 WL 978520, at *5 (W.D. Wash. Feb. 28, 2020). *See also Banks v. ACS Educ.*, 638 Fed. Appx. 587, 590 (9th Cir. 2016) (citing *Schlegel v. Wells Fargo Bank*, NA, 720 F.3d 1204, 1208 (9th Cir. 2013)). However, plaintiff does not allege that the defendants are debt collectors attempting to collect a debt against her. *See* 15 U.S.C. § 1692a(6); *Takeshita v. Harrah's Entm't, Inc.*, No.: CV-S-03-0091-RLH (LRL), 2005 U.S. Dist. LEXIS 55560, at *9 (D. Nev. June 7, 2005). ("Plaintiff cannot he considered a debt collector. Therefore, the statute is inapplicable…").

Under 18 U.S.C. §§ 1961-1968, the Racketeer Influence and Corrupt Organizations Act (RICO), "[a]ny person injured in his business or property by reason of a violation of [RICO's prohibited activities] may sue." 18 U.S.C. § 1964(c); *see Id.* at § 1962. Plaintiff seeks to bring this claim against "CPS," which should be directed to Clark County. However, "'government entities are incapable of forming [the] malicious intent' necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991)).

Under 18 U.S.C. § 1595(a) "[a]n individual who is a victim of a violation of this chapter [including 18 U.S.C. § 1583] may bring a civil action against the perpetrator." However, plaintiff has not alleged any facts suggesting that she has been unlawfully kidnapped or enticed into any form of slavery

or servitude by any of the defendants for her to raise this claim. *See* 18 U.S.C. § 1583; *Roberts v. Citibank*, N.A., No. 2:24-cv-01375-GMN-MDC, 2024 U.S. Dist. LEXIS 208742, at *11 (D. Nev. Nov. 18, 2024).

Lastly, under 32 C.F.R. §§ 536, the Military Claims Act, an individual may bring claims against the United States for injuries caused by military personnel or certain civilian employees acting within the scope of their employment. 32 C.F.R. § 536.74. However, plaintiff does not bring any of her claims against the United States, nor are any of the defendants military personnel or otherwise subject to the Act. *See Id.* at § 536.23(b); *Moore v. Tiki Ventures, Inc.*, No. 24-00234 JAO-KJM, 2025 U.S. Dist. LEXIS 127627, *9 (D. Haw. June 9, 2025).

The Court finds there is otherwise no set of facts that would support these claims against any of the defendants based on the allegations asserted and the factual scenario alleged by the plaintiff. The Court dismisses these claims. If the plaintiff amends, she should not reassert these claims against these defendants. If she does so, the Court will issue a report and recommendation to dismiss this claim with prejudice.

### d. Defendants' Immunity from Suit

Plaintiff indicates that she is raising claims against Frankie Cooper and Ramon Taylor for their involvement in the child protective proceedings. *ECF No 1-1 at 3, 4*. Based on her allegations and the address plaintiff provides for each individual defendant, Frankie Cooper, Ramon Taylor, Meriyah Fincher, and Shenita Johnson each appear to be social workers employed at the Clark County

10

Department of Family Services.[4] "Social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceeding." *Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154, 1157 (9th Cir. 1987). As plaintiff has not alleged that any of her claims against these defendants arise outside of the alleged child protective proceedings, the Court dismisses all claims against these named defendants, including her defamation claims, as these defendants retain immunity. If plaintiff amends, she should not reassert claims against these defendants for their official actions concerning child protection services.

Additionally, plaintiff raises claims against "Family Court Section 12" and mentions an unidentified officer of the court. *ECF No. 1-1 at 5*. It is unclear what officer or what entity "Family Court Section 12" refers to. Plaintiff may be referring to Judge Margarete Pickard of Department V of the Eighth Judicial District Court of Clark County, Nevada.[5]

If plaintiff is attempting to assert claims against Judge Pickard or any other judicial officer, such

---

[4] Plaintiff lists the address for each defendant as 121 S M.L.K Blvd, Las Vegas, NV 89106. *ECF No 1-1 at 2, 3*. This is the listed address for Clark County's Department of Family Services. *Family Services*, Clark County Nevada, https://www.clarkcountynv.gov/business-detail/business-detail-t39-r176 (last visited July 18, 2025).

[5] Department V of the Eighth Judicial District Court is housed in Family Courtroom 12 of the Family Division of the Clark County District Court and presided by Judge Margaret Pickard. *Department V*, Eighth Judicial District Court Clark County Nevada, https://www.clarkcountycourts.us/departments/judicial/family-division/department-v/ (last visited July 18, 2025).

11

claims are subject to dismissal. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, ... or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Brown v. Las Vegas Metro. Police Dep't*, No. 2:24-cv-00474-RFB-MDC, 2024 U.S. Dist. LEXIS 61194, at *3 (D. Nev. Apr. 2, 2024) (quoting *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)). Officers of the court enjoy a similar, quasi-judicial immunity. *See Meyers,* 812 F.2d at 1159 ("officers of the court… have absolute immunity in the performance of duties authorized by the statute."). There are two limitations to judicial immunity; judicial defendants are not immune from liability for actions outside the scope of their authority or jurisdiction. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). However, plaintiff's complaint indicates that each of the claims against these defendants stem from the alleged child-custody proceedings. *See ECF No. 1-1 at 3, 4*. Additionally, plaintiff has not indicated that the court or its officers were acting outside of their scope of authority or jurisdiction. Accordingly, the Court dismisses all claims raised against any judge or officer of the court, including plaintiff's breach of contract, fraud, defamation, and disability discrimination claims, as these defendants retain immunity. If plaintiff amends, she should not reassert claims against the family court or their officers without indicating how their actions were outside of the court's judicial authority and/or jurisdiction.

### e. Plaintiff's Civil Rights Violations Claims

Plaintiff explicitly alleges she has been denied her First, Fourth, and Fourteenth Amendment rights and alleges that her right to appointed help and her right to travel have been violated. *ECF No. 1-1 at 5, 6*. 42 U.S.C. § 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

To state a claim for relief under § 1983, plaintiff must show: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). More simply put, plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). As previously discussed, the four named defendants, "Family Court Division 12," and the court's officers retain immunity from suit for their official actions. The only remaining defendants addressed that plaintiff could raise § 1983 claims against are "CPS" and the L.V.M.P.D.

Under Nevada law, these named defendants cannot be sued under Section 1983. *See Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996) ("In the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued."). The Court presumes "CPS" in plaintiff's complaint to refer to the Clark County Department of

13

Family Services, as it maintains offices at the address plaintiff provides and oversees child protective services within Clark County.[6] *ECF No 1-1 at 2, 3*. As a department of the county, any claims brought against "CPS" should instead be directed towards Clark County. *See Welch v. Nevada*, No. 3:20-cv-00113-RCJ-WGC2021, U.S. Dist. LEXIS 206275, *7 (D. Nev. Aug. 10, 2021) (Explaining that Clark County, not the Department of Family Services, is the proper defendant for suit.). Likewise, any claims brought against the L.V.M.P.D. should instead be directed towards the City of Las Vegas. *See Cerros v. N. Las Vegas Police Dep't,* No. 02:06-CV-00647-LRH-PAL, 2008 U.S. Dist. LEXIS 22636, *27 (D. Nev. Feb. 28, 2008) (Construing the allegations against the North Las Vegas Police Department instead as against the City of North Las Vegas.). The Court construes any allegations against these defendants to be against Clark County and the City of Las Vegas, accordingly.

Local municipalities, including Clark County and the City of Las Vegas, may be considered "persons" subject to suit for the purposes of a § 1983 claim. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 701, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, a local government may only be sued under § 1983 where "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). The 9th circuit has elaborated,

---

[6] *Nevada's Child Welfare and Child Protective Services*, Nevada Department of Human Services Division of Child & Family Services, https://dcfs.nv.gov/Programs/CWS/ (last visited July 18, 2025).

14

> In a *Monell* claim, there are three ways to show a policy or custom of a municipality: (1) by showing "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."

*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002).

Plaintiff has not alleged the necessary components to raise any § 1983 claim under *Monell*. For the alleged violations of her religious freedom and right to appointed help, plaintiff does not allege facts suggesting how any of the defendants or their agents took actions in violation of her rights; she simply provides conclusory allegations that these rights have been violated. Similarly, on the issue of her Fourth Amendment right to freedom from unreasonable search and seizure, all plaintiff alleges is that L.V.M.P.D. pulled her over without probable cause and that "child traffic agents" asked her to take drug tests. *ECF No. 1-1 at 4, 5*. These bare allegations do not explain how the actors violated plaintiff's rights, nor do they meet the notice requirements under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must allege facts surrounding these alleged violations so that defendants may have the opportunity to defend against the claims brought against them. *See Dura Pharms., Inc.*, 544 U.S. at 346.

Plaintiff's "right to travel" claim raises further concern with the Court as another indication of the sovereign citizen movement. *ECF No 1-1 at 6. See Miller v. Ariz. Dep't of Pub. Safety*, No. CV-25-08073-PCT-DWL, 2025 U.S. Dist. LEXIS 83841, at *7 (D. Az. May 1, 2025) (Plaintiff's violation of

the right to travel claim "appears to be advancing sovereign-citizen arguments that courts have long rejected as frivolous."). There is no indication that any of the named defendants, including L.V.M.P.D., have prevented plaintiff from interstate travel, nor does the Court otherwise find there to be a set of facts that would invoke an actionable right to travel claim against any of the defendants. *See Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) ("What is at issue here is not his right to travel interstate, but his right to operate a motor vehicle on the public highways, and we have no hesitation in holding that this is not a fundamental right.") (quoting *Berberian v. Petit*, 118 R.I. 448, 374 A.2d 791 (R.I. 1977)). Plaintiff's right to travel claim, and to any extent plaintiff's unreasonable search and seizure claim is related, is dismissed. If plaintiff chooses to amend, she should not reassert this claim. If she does, the Court will issue a report and recommendation to dismiss this claim with prejudice.

Plaintiff otherwise argues that her rights to free speech and due process, as protected by the First and Fourteenth Amendments, were violated. However, she does not allege anything to demonstrate that Clark County promotes any longstanding practice or custom that deprives rights or otherwise supports the deprivation of rights. "A plaintiff's claim cannot be based on 'isolated or sporadic incidents; [liability] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.'" *Nyarecha v. Cnty. of Los Angeles*, No. 23-55773, 2024 U.S. App. LEXIS 26252, *3 (9th Cir. Sep. 13, 2024) (quoting *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 884 (9th Cir. 2022)). In her complaint, all of plaintiff's allegations focus solely on her experiences with the defendants surrounding her child custody proceedings. Plaintiff provides no information on the duration or frequency of her experiences, the experiences of others, or

anything else to show that these alleged deprivations are not isolated incidents. While she makes bare allegations of the defendants' corruption, she provides nothing substantive that indicates there is a traditional practice that deprives parties of the constitutional rights plaintiff alleges.

Plaintiff may otherwise be able to raise a § 1983 claim by showing that a final policymaking authority formally deprived her rights or delegated authority to a subordinate responsible for the alleged deprivation. However, plaintiff's complaint leaves it unclear who took what actions against her to successfully raise this issue. Plaintiff alleges the general authority of some of the defendants, such as "Supervisor Ramon Taylor." *ECF No. 1-1 at 4*. However, it is unclear what explicit actions this defendant, or any other alleged actor, took against plaintiff to deprive her of her rights and invoke the authority necessary to raise any § 1983 claim. Further, none of the defendants would have the proper notice under Federal Rule of Civil Procedure 8 to defend against these alleged actions, as plaintiff does not specify with necessary detail what actor is responsible for each claim and why. To successfully raise these claims, plaintiff must allege in sufficient detail which individuals took actions in violation of her rights, the actions they took, and how the individuals are related to the municipalities. Accordingly, any § 1983 claims brought against Clark County or the City of Las Vegas are dismissed with leave to amend and correct the noted deficiencies, if possible.

**C. Conclusion**

Plaintiff has not alleged any plausible claims. It is possible that some of these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint addressing the correct parties and explaining the circumstances of the case, the relief

17

plaintiff seeks, and the law upon which she relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

**It is so Ordered:**

1. Plaintiff U'nika Yahral's *in forma pauperis* applications (ECF Nos. 11 and 13) are **DENIED** without prejudice with leave to renew, as discussed in this Order.

2. Plaintiff U'nika Yahral's Complaint (ECF No. 1-1) is **DISMISSED** without prejudice with leave to amend, as discussed in this Order.

3. That plaintiff has until **September 3, 2025**, to both file her new IFP application and amend her complaint. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

5. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

**IT IS SO ORDERED**.

DATE: August 4, 2025.

                                                            _____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

18

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**